UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMILAH ABDUL-HAQQ,

    Plaintiff,

    v.

KAISER FOUNDATION HOSPITALS, et al.,

    Defendants.

_____/

No. C 14-4140 PJH

**ORDER GRANTING MOTIONS TO DISMISS**

    Defendants' motions to dismiss came on for hearing before this court on January 21, 2015. Plaintiff Jamilah Abdul-Haqq ("plaintiff") appeared in pro per. Defendants Kaiser Foundation Hospitals and The Permanente Medical Group (referred to collectively as "Kaiser") appeared through their counsel, Lisa Pooley. Defendant California Nurses Association ("CNA") appeared through its counsel, Nicole Daro. Having read the papers filed in conjunction with the motions and carefully considered the arguments and relevant legal authority, and good cause appearing, the court hereby GRANTS Kaiser's motion to dismiss and GRANTS CNA's motion to dismiss, for the reasons stated at the hearing and as follows.

    In the operative first amended complaint ("FAC"), plaintiff asserts eight causes of action in connection with her employment at various Kaiser hospitals: (1) violation of Title VII of the Civil Rights Act, (2) failure to prevent discrimination, harassment, and hostile work environment under California's Fair Employment and Housing Act ("FEHA"), (3) violation of the Americans with Disabilities Act ("ADA"), (4) failure to engage in the interactive process under FEHA, (5) intentional infliction of emotional distress, (6) violation of FEHA, (7) "breach of fair representation" and "failure to initiate grievance procedure, and (8)

negligence and breach of fiduciary duty. Claims (7) and (8) are asserted against only CNA, and at the hearing, plaintiff informed the court that claims (1) through (6) are asserted against only the Kaiser defendants. Both Kaiser and CNA have now moved to dismiss the FAC.

As a threshold matter, Kaiser argues that plaintiff has not exhausted her administrative remedies with respect to her claims under Title VII, FEHA, and the ADA, and thus argues that the first, second, third, fourth, and sixth causes of action should be dismissed. See 42 U.S.C. § 2000e-5(f)(1) (exhaustion requirement for Title VII and ADA claims); Cal. Gov't Code § 12965(b) (exhaustion requirement for FEHA claims).

In the FAC, plaintiff alleges that she "has exhausted her administrative remedies with internal EEOC at Kaiser regarding religion," but none of the claims asserted in the FAC are based on alleged religious discrimination. Instead, plaintiff's first cause of action (Title VII) and second cause of action (FEHA) appear to be based on alleged race discrimination, plaintiff's third cause of action (ADA) and fourth cause of action (FEHA) appear to be based on alleged disability discrimination, and plaintiff's sixth cause of action (FEHA) appears to be based on Kaiser's alleged failure to follow its own internal policies. Moreover, because plaintiff has not attached any administrative charges to the FAC, the court cannot determine whether the asserted claims were properly exhausted. Thus, on the basis of administrative exhaustion alone, Kaiser's motion to dismiss the first, second, third, fourth, and sixth cause of action is GRANTED. Plaintiff will be given an opportunity to amend her complaint, but any amended complaint must specifically plead that administrative remedies were indeed exhausted as to all asserted Title VII, FEHA, and ADA claims, and must attach all relevant administrative charge(s) to the complaint.

Aside from the exhaustion issue, Kaiser also moves to dismiss the first through sixth causes of action on the basis that they fail to state a claim. CNA also moves to dismiss the seventh and eighth causes of action on the same basis. The court will address each claim below.

1. Discrimination under Title VII (first cause of action)

Title VII makes it "an unlawful employment practice for an employer" to "discriminate against any individual with respect to" the "terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). A disparate treatment claim must be supported by direct evidence of discrimination, or may instead be evaluated under the burden-of-proof-and production analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). See, e.g., Hawn v. Executive Jet Management, Inc., 615 F.3d 1151, 1155 (9th Cir. 2010) (applying McDonnell Douglas framework to Title VII discrimination claim).

To establish a prima facie case of discrimination based on race, plaintiff must show that she is a member of a protected class; that she was qualified for her position or was performing satisfactorily; that she experienced an adverse employment action; and that similarly situated individuals outside her protected class were treated more favorably, or that some other circumstances surrounding the adverse employment action give rise to an inference of discrimination. See McDonnell Douglas, 411 U.S. at 802; Fonseca v. Sysco Food Servs. of Arizona, Inc., 374 F.3d 840, 847 (9th Cir. 2004); see also Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981).

As discussed at the hearing, plaintiff does not address these elements in the FAC, and instead alleges a number of incidents where she feels that she was mistreated. Most critically, plaintiff does not identify any specific adverse action to which she was subjected. For purposes of a Title VII disparate treatment claim, an "adverse employment action is one that materially affect[s] the compensation, terms, conditions, or privileges . . . of employment." Davis v. Team Elec. Co., 520 F.3d 1080, 1089 (9th Cir. 2008). Among other things, plaintiff alleges that doctors "turn away" from her, that one doctor "yelled" at her, and that another employee "shrugs his shoulders" when asked for help by plaintiff. FAC, ¶¶ 56, 60.

Overall, the FAC does not adequately allege a prima facie case of race discrimination, and thus, plaintiff's first cause of action is DISMISSED with leave to amend.

   2.   Failure to prevent discrimination/harassment under FEHA (second cause of action)

California Government Code § 12940 provides that "[i]t shall be an unlawful employment practice, unless based upon a bona fide occupational qualification . . . [f]or an employer . . . to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." Cal. Gov't Code § 12940(k). The California Supreme Court has stated that FEHA "makes it a separate unlawful employment practice" for an employer to violate § 12940(k). State Dept. of Health Services v. Superior Court, 31 Cal.4th 1026 (Cal. 2003).

However, it is also clear that there can be no violation of 12940(k) absent a finding of actual discrimination or harassment. See, e.g., Tritchler v. County of Lake, 358 F.3d 1150, 1155 (9th Cir. 2003) (holding the district court did not abuse its discretion in requiring a finding of actual discrimination before a violation of section 12940(k) becomes actionable) (citing Trujillo v. North County Transit Dist., 63 Cal.App.4th 280, 283-84 (Cal. Ct. App. 1998)). "[T]here's no logic that says an employee who has not been discriminated against can sue an employer for not preventing discrimination that didn't happen." Trujillo, 63 Cal.App.4th at 289.

As explained above, plaintiff has not adequately alleged a claim of discrimination. Nor has plaintiff adequately alleged a claim of harassment/hostile work environment. To prevail on a hostile workplace/harassment claim under FEHA, an employee must show that she was subjected to verbal or physical conduct related to a protected trait, that the conduct was unwelcome, and that the conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment. Reno v. Baird, 18 Cal.4th 640, 646-47 (1998).

Plaintiff alleges generally that she was "terrorized" by other employees, and that other African-American employees are "leaving because of the hostility," but does not specifically identify the alleged conduct that constitutes harassment. Accordingly, plaintiff's second cause of action is DISMISSED with leave to amend.

3.   Violation of the ADA (third cause of action)

Under the ADA, a plaintiff can make out a prima facie case of failure to accommodate by showing that she is disabled within the meaning of the ADA; that she is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and that she suffered an adverse employment action because of the disability. Samper v. Providence St. Vincent Med. Center, 675 F.3d 1233, 1237 (9th Cir. 2012)..

As discussed above in the context of plaintiff's race discrimination claim, the FAC does not identify any specific adverse action to which plaintiff was subjected. Accordingly, plaintiff's third cause of action is DISMISSED with leave to amend. If plaintiff intends to allege that the denial of a reasonable accommodation constituted an adverse employment action, the amended complaint must describe the requested accommodation and allege when and to whom it was made.

4.   Failure to engage in the interactive process under FEHA (fourth cause of action)

Under FEHA, it is unlawful for an employer to "fail to engage in a timely, good faith, interactive process with an employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability." Cal. Gov't Code § 12940(n).

While the FAC does allege that Kaiser "never had a meeting to discuss how to accommodate" plaintiff's disability, the FAC does not describe the substance of plaintiff's request – namely, the nature of the requested accommodation. As a result, the court cannot determine whether any requested accommodation was in fact reasonable. Accordingly, plaintiff's fourth cause of action is DISMISSED with leave to amend.

5.   Intentional infliction of emotional distress (fifth cause of action)

The elements of a claim of intentional infliction of emotional distress are (1) extreme and outrageous conduct by the defendant with the intent to cause, or reckless disregard for the probability of causing, emotional distress; (2) the suffering of severe or extreme

5

emotional distress by plaintiff; and (3) actual and proximate causation between the two. Potter v. Firestone Tire & Rubber Co., 6 Cal.4th 965, 1001 (1993). To be outrageous, the defendant's conduct must be either intentional or reckless, and it must be so extreme as to exceed all bounds of decency in a civilized community. Id. However, malicious or evil purpose is not essential to liability. KOVR-TV v. Superior Court, 31 Cal. App. 4th 1023, 1031 (1995).

In the FAC, plaintiff alleges that other employees make "smart remarks" about her, "try to intimidate" her by "looking at" her, and "give sick patients" to her. Even if true, these allegations do not rise to the level of "extreme and outrageous" conduct. Accordingly, plaintiff's fifth cause of action is DISMISSED. However, out of an abundance of caution, the court will allow plaintiff an opportunity to amend this claim.

      6.     Violation of FEHA (sixth cause of action)

In the FAC, plaintiff alleges that Kaiser "does not follow their mandated policies," "does not terminate deceptive managers," "allows managers to be untrained, inexperienced, and biased," "allows conflicts of interest [to] influence policies, procedures, and disciplinary actions," and "allows bullies, clicks [sic] and groups that elicit workplace violence." FAC, ¶¶ 84-89. However, the FAC does not make clear which provision(s) of FEHA are violated by this alleged conduct, and at the hearing, plaintiff offered only that Kaiser's alleged conduct violated "equal rights." The FAC cites Cal. Gov't Code § 12965(b), but that provision simply discusses the procedural requirements for asserting a FEHA claim. The FAC does not identify a theory of relief for this claim – in other words, plaintiff does not explain whether she alleges discrimination, harassment, retaliation, or some other type of mistreatment; nor does she plead whether the alleged mistreatment was based on her race, sex, or some other protected characteristic. Accordingly, plaintiff's sixth cause of action is DISMISSED with leave to amend.

      7.     "Breach of fair representation" and "failure to initiate grievance procedure"
               (seventh cause of action)

The FAC appears to allege that defendant CNA breached a duty owed to plaintiff,

however, the FAC does not identify the nature or the source of the duty that was allegedly breached. The FAC references "U.S.C. 29 411(4)," which is not a valid citation, and even if the court looks to 29 U.S.C. § 411, it can find no reference to any duty of fair representation, nor to any duty to initiate a grievance procedure. Accordingly, plaintiff's seventh cause of action is DISMISSED with leave to amend. Any amended complaint must specifically identify the nature of CNA's alleged duty to plaintiff, and must allege facts showing how that duty was breached.

8.   Negligence and breach of fiduciary duty (eighth cause of action)

The FAC alleges that CNA had a contractual duty to honor plaintiff's request for assistance, and to "seek, in conjunction with the Employer, a harmonious solution," citing Article III, Section I, paragraph 313 of the relevant collective bargaining agreement. In its motion, CNA argues that this duty is owed only to Kaiser, and not to the bargaining unit nurses. Plaintiff did not directly address this argument in her opposition brief, and instead argued that her payment of dues to CNA creates a fiduciary relationship.

The court agrees with CNA's argument that the cited duty is owed only to Kaiser, and not to plaintiff. Accordingly, plaintiff's eighth cause of action is DISMISSED. Out of an abundance of caution, the court will allow plaintiff an opportunity to amend this claim. Any amended complaint must specifically identify the nature of CNA's alleged duty to plaintiff, and must allege facts showing how that duty was breached.

9.   Motion to seal

Plaintiff has filed a motion to seal her qualified medical exam, which contains confidential medical information. The court GRANTS the motion to seal.

10.   Conclusion

For the foregoing reasons, plaintiff's first amended complaint is DISMISSED with leave to amend. As stated at the hearing, plaintiff's second amended complaint ("SAC") must be filed no later than **February 18, 2015**. Defendants shall have 21 days thereafter to answer or otherwise respond to the complaint. No new claims or parties may be added without leave of court or the agreement of all parties. Plaintiff is admonished that her

7

briefing must comport with the requirements of Civil Local Rule 7, including those related to timing and the filing of material after a reply has already been filed. Finally, if defendants respond to the second amended complaint with another motion to dismiss, the court will likely decide that motion on the papers, rather than holding an additional hearing.

**IT IS SO ORDERED.**

Dated: January 23, 2015

PHYLLIS J. HAMILTON
United States District Judge