UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMILAH ABDUL-HAQQ,

    Plaintiff,

    v.

KAISER FOUNDATION HOSPITALS, et al.,

    Defendants.

_____/

No. C 14-4140 PJH

**ORDER GRANTING MOTION TO DISMISS**

Before the court is the motion to dismiss filed by defendants Kaiser Foundation Hospitals ("Kaiser") and The Permanente Medical Group, Inc. ("TPMG") (referred to collectively as "defendants"). The court finds the matter suitable for disposition without a hearing, and hereby VACATES the April 15, 2015 hearing on defendants' motion. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendants' motion as follows.

## BACKGROUND

In the operative second amended complaint ("SAC"), plaintiff Jamilah Abdul-Haqq ("plaintiff") asserts six causes of action in connection with her employment at various Kaiser hospitals: (1) violation of Title VII of the Civil Rights Act (based on alleged race discrimination), (2) failure to prevent discrimination, harassment, and hostile work environment[1], (3) violation of the Americans with Disabilities Act ("ADA"), (4) failure to

---

[1] In the previous first amended complaint, plaintiff asserted a "failure to prevent" claim under California's Fair Employment and Housing Act ("FEHA"). In the SAC, plaintiff cites code sections from both FEHA and Title VII, even though plaintiff was expressly precluded from adding any new claims to the complaint without leave of court or the agreement of the parties. Given the court's previous order, combined with the fact that the federal code section cited by plaintiff (42 U.S.C. 2000e-2) prohibits only the underlying discrimination/harassment itself, not the failure to prevent discrimination/harassment, the court will construe this claim as arising under only FEHA.

engage in the interactive process under FEHA, (5) violation of FEHA, and (6) intentional infliction of emotional distress. Claims (1), (2), and (5) are asserted against only TPMG, while claims (3), (4), and (6) are asserted against both defendants.

The court previously held a hearing on defendants' motion to dismiss plaintiff's first amended complaint ("FAC"), and granted the motion in full, with leave to amend. The court issued a written order detailing the required elements of each asserted claim and pointing out which elements were not properly alleged in the FAC. See Dkt. 50. The court also observed that it was unable to determine whether plaintiff had exhausted her claims under Title VII, FEHA, and the ADA, and required plaintiff to "specifically plead [in the SAC] that administrative remedies were indeed exhausted as to all asserted Title VII, FEHA, and ADA claims," and to "attach all relevant administrative charge(s) to the complaint." Id. at 2.

## DISCUSSION

In the current motion, defendants argue that plaintiff has failed to exhaust her administrative remedies with respect to the first, third, and fourth causes of action, and that the SAC fails to state a claim as to all six causes of action. The court will address the exhaustion argument before turning to the merits of plaintiff's claims.

To establish federal subject matter jurisdiction for a Title VII claim, a plaintiff must exhaust her remedies by filing an administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") before commencing an action in federal court. B.K.V. v. Maui Police Dept., 276 F.3d 1091, 1099 (9th Cir. 2002); Sommatino v. United States, 255 F.3d 704, 708 (9th Cir. 2001). The ADA incorporates the enforcement procedures of Title VII. 29 U.S.C. § 12117(a). The relevant statute, 42 U.S.C. 2000e-5(1), requires that a charge under Title VII be filed with the EEOC within 180 days of the alleged unlawful employment practice.

Under FEHA, a plaintiff must file a complaint before the Department of Fair Employment and Housing ("DFEH") and obtain a right-to-sue notice before filing suit. Okoli v. Lockheed Technical Operations Co., 36 Cal.App.4th 1607, 1615 (1995).

Under either Title VII, the ADA, or FEHA, allegations in a complaint not included in a

plaintiff's administrative charge may not be considered by a federal court unless the new claims are "like or reasonably related" to the allegations specified in the relevant administrative charge. See Green v. Los Angeles County Sup. of Schools, 883 F.2d 1472, 1475-76 (9th Cir. 1989); Okoli, 36 Cal.App.4th at 1615.

Plaintiff attaches two administrative charges to the SAC. The first, which was filed on September 2, 2014 with both the state's DFEH and the federal EEOC, alleged race discrimination, disability discrimination, and retaliation. See SAC, Ex. A. The charge alleged the following:

> I have been subjected to different terms and conditions in my employment. For example, on or about June 2, 2014, I was subjected to a bias investigation and my complaints were not investigated. I am aware of others outside my protected category who were not subjected to such treatment.

Id. at 17.

The second, which was filed on November 5, 2014 with the DFEH, alleged disability discrimination and retaliation. The charge alleged the following:

> Denied continuation of employee paid medical coverage, [I] was denied FLMA [sic] due to being short 11 hours so requested medical leave for treatment of work-related injury. Matthew Kiyoi refused to change leave status from medical leave to industrial leave because [I] am being treated for injury caused from work. Matthew did not submit the DWC-1 in August and October.

Id. at 14.

Based on these charges, defendants first argue that plaintiff's first cause of action, for racial discrimination under Title VII, has not been properly exhausted. In the SAC, plaintiff alleges that she suffered two adverse employment actions, both in the form of disciplinary warnings issued on September 18, 2014. Defendants point out that plaintiff's first charge was filed on September 2, 2014 – before the alleged adverse actions occurred – and thus argue that the September 2 charge could not have exhausted the September 18 conduct. Defendants further argue that the November 5, 2014 charge was premised only on disability-related discrimination, not on race-related discrimination.

In her opposition, plaintiff argues that defendants' exhaustion argument is "a false

3

statement at its best," but fails to provide the court with any basis for finding that her first cause of action is indeed exhausted, or that the exhaustion requirement should be excused in this case. Although plaintiff's opposition is less than clear, she appears to contend that the "agency refused to investigate," that the exhaustion requirement should be excused due to "administrative futility," and that the Ninth Circuit has found certain statutory exceptions to the exhaustion requirement. See Dkt. 66 at 4-6. However, because there is no indication that plaintiff ever filed an administrative charge with respect to the September 18, 2014 disciplinary warnings, there is no basis for finding that the agency "refused to investigate." Nor has plaintiff shown why the "administrative futility" cases or the statutory exception cases would apply in the present case.

Plaintiff also includes a heading in her opposition entitled "plaintiff's administrative charge alleging violation of Title VII does not relate to her present claim for race discrimination is a statement that is false [and] misleading." See Dkt. 66 at 6. Under that heading, plaintiff "admits she did not report discrimination due to race for fear of retaliation." Id. However, plaintiff provides no basis for this court to find that fear of retaliation excuses her from the administrative exhaustion requirement. Plaintiff also includes arguments regarding defendants' alleged "refus[al] to accommodate when plaintiff was having a panic attack," which appear to be relevant only to a disability-related claim, not a race-related claim.

Although plaintiff does not argue that her current claim is "like or reasonably related" to the allegations contained in her administrative charges, even if the court were to consider that argument, it could not find that plaintiff has properly exhausted her race discrimination claim. The only charge to claim race discrimination was the September 2, 2014 charge, and the only allegations in that charge were that plaintiff had been subject to "a bias investigation" and that her "complaints were not investigated" in response to an undescribed incident that occurred on June 2, 2014. The allegations in the SAC's first cause of action, that plaintiff was accused of calling a doctor a liar and given a verbal disciplinary warning, and that plaintiff was given a written disciplinary warning after she

4

"complained about being set up to label the wrong blood," are not "like or reasonably related" to the allegations made in the September 2, 2014 charge.

Overall, the court finds that plaintiff has failed to exhaust her administrative remedies as to her first cause of action, and therefore GRANTS defendants' motion to dismiss on that basis. Given that plaintiff has already been given an opportunity to amend, and was specifically instructed to "attach all relevant administrative charge(s) to the complaint," the dismissal shall be without leave to amend.

Defendants then argue that plaintiff has failed to exhaust her administrative remedies with respect to her third cause of action, for disability discrimination under the ADA. In the SAC, plaintiff alleges that defendants discriminated against her by (1) refusing to bring her back in time for her transfer to take effect, (2) denying her a transfer based on insufficient documentation from her doctor, (3) attempting to transfer her to a clinic position even though she was unable to work clinic hours, and (4) denying her a "five minute break to get herself together." SAC, ¶¶ 91-92.

However, as shown above, the only disability-related allegations in plaintiff's charges relate to the alleged denial of medical coverage and the refusal to treat her leave as an industrial leave, rather than a medical leave. Defendants also claim that the alleged delayed transfer occurred after the filing of plaintiff's November 5, 2014 charge; and indeed, the SAC does allege that defendants refused to bring plaintiff "back in time for transfer to take effect as of 01/06/2015." SAC, ¶ 91.

As mentioned above, in her opposition, plaintiff argues that the "agency refused to investigate," that the exhaustion requirement should be excused due to "administrative futility," and that the Ninth Circuit has found certain statutory exceptions to the exhaustion requirement. Those arguments are rejected for the same reasons described above. Plaintiff also includes a heading in her opposition entitled "plaintiff's administrative charge alleging violation of ADA does not relate to her present claim for disability discrimination is a statement that is false and misleading," but under that heading, plaintiff cites only to internal complaints, not to any administrative charges showing that her current disability-

related claim was indeed exhausted.  See Dkt. 66 at 8.

Again, while plaintiff does not argue that her current claim is "like or reasonably related" to the allegations contained in her administrative charges, even if the court were to consider that argument, it could not find that plaintiff has properly exhausted her disability discrimination claim.  As mentioned above, the November 5, 2014 charge mentions only the alleged denial of medical coverage and the refusal to treat her leave as an industrial leave.  The September 2, 2014 charge alleges only that plaintiff had been subject to "a bias investigation" and that her "complaints were not investigated" in response to an un-described incident that occurred on June 2, 2014.  The allegations in the third cause of action are not "like or reasonably related" to the allegations made in the administrative charges.  Accordingly, the court finds that plaintiff has failed to exhaust her administrative remedies as to her third cause of action, and therefore GRANTS defendants' motion to dismiss on that basis.  Given that plaintiff has already been given an opportunity to amend, and was specifically instructed to "attach all relevant administrative charge(s) to the complaint," the dismissal shall be without leave to amend.

Finally, defendants argue that plaintiff has failed to exhaust her administrative remedies as to her fourth cause of action, for failure to engage in the interactive process in violation of FEHA.  Defendants argue that neither the September 2, 2014 administrative charge nor the November 5, 2014 administrative charge mention the failure to engage in the interactive process, nor do they mention a failure to provide a reasonable accommodation generally.

In addition to making the above-mentioned arguments regarding administrative futility and statutory exceptions to the administrative exhaustion requirement (which are rejected for the reasons discussed above), plaintiff's opposition also includes a heading entitled "plaintiff's administrative charge alleging violation of FEHA does not relate to her present claim for failure to engage in the interactive process is a statement that is used to deter their obligation to act."  Dkt. 66 at 8.  Plaintiff argues that "plaintiff made manager aware of disability [in] June 2013," and that "symptoms started to appear in January 2014."

6

Id. However, plaintiff does not provide any basis for finding that she did indeed exhaust her administrative remedies with respect to her claim for failure to engage in the interactive process. The two charges attached to the SAC fail to mention any request for a reasonable accommodation, nor any failure to engage in an interactive process about any such accommodation.

And again, while plaintiff does not argue that her current claim is "like or reasonably related" to the allegations contained in her administrative charges, even if the court were to consider that argument, it could not find that plaintiff has properly exhausted her claim for failure to engage in the interactive process. As mentioned above, the November 5, 2014 charge mentions only the alleged denial of medical coverage and the refusal to treat her leave as an industrial leave. The September 2, 2014 charge alleges only that plaintiff had been subject to "a bias investigation" and that her "complaints were not investigated" in response to an undescribed incident that occurred on June 2, 2014. The allegations in the fourth cause of action are not "like or reasonably related" to the allegations made in the administrative charges.

Accordingly, the court finds that plaintiff has failed to exhaust her administrative remedies as to her fourth cause of action, and therefore GRANTS defendants' motion to dismiss on that basis. Given that plaintiff has already been given an opportunity to amend, and was specifically instructed to "attach all relevant administrative charge(s) to the complaint," the dismissal shall be without leave to amend. Having found that plaintiff has failed to exhaust her administrative remedies as to claims (1), (3), and (4), the court does not reach the question of whether any of those three claims state a viable cause of action.

Turning to the merits of plaintiff's remaining claims, plaintiff's second cause of action is based on the alleged failure to prevent discrimination, harassment, or retaliation. Because this claim depends on a viable claim for discrimination, harassment, or retaliation, the court will defer consideration of this claim until after it has addressed plaintiff's underlying discrimination claims.

Plaintiff's fifth cause of action alleges a violation of FEHA. The court previously

dismissed this claim based on plaintiff's failure to "explain whether she alleges discrimination, harassment, retaliation, or some other type of mistreatment," and failure to "plead whether the alleged mistreatment was based on her race, sex, or some other protected characteristic." Dkt. 50 at 6. The SAC suffers from the same defects, though the body of the claim appears to suggest that this claim is based on either a failure to accommodate plaintiff's alleged disability, and/or the alleged subjection of plaintiff to an adverse employment action based on disability, and/or the "failure to engage in an interactive meeting" regarding plaintiff's disability. See SAC, ¶¶ 103, 105.

Plaintiff's opposition provides no additional insight as to the legal theory upon which this claim is based. The opposition states that "Kaiser was aware since June 2013 and January 2014 that plaintiff has a disability and adverse employment actions were no due process which plaintiff illness was increased," and "[t]his is explained enough to rise burden of proof that Kaiser actions was not motivated by disability." Dkt. 66 at 9.

Regardless of which disability-related claim plaintiff intends to pursue, the court finds that plaintiff has not adequately stated a claim under FEHA. To the extent that plaintiff's fifth cause of action attempts to assert a claim for failure to engage in the interactive process, it is duplicative of the fourth cause of action, and is dismissed for the same reason.

To the extent that plaintiff alleges a failure to accommodate a disability, plaintiff does not adequately allege the nature of the requested accommodation, or any facts regarding defendants' alleged refusal to provide the requested accommodation. Although plaintiff's third cause of action contains a brief reference to being "denied the transfer as a reasonable accommodation," plaintiff does not adequately allege what the requested accommodation was or explain why it was reasonable.

Finally, to the extent that plaintiff alleges disability discrimination, while the SAC arguably alleges an adverse action in the form of a written disciplinary warning for allegedly calling a doctor a liar, plaintiff does not adequately allege that similarly situated individuals outside her protected class were treated more favorably, nor any other circumstances

8

1 giving rise to an inference of discrimination.[2]

2 Accordingly, defendants' motion to dismiss the fifth cause of action is GRANTED. Because plaintiff has already been given an opportunity to amend this claim, and has twice failed to identify a theory of relief for this claim, the dismissal shall be without leave to amend.

Turning back to plaintiff's second cause of action, plaintiff claims that defendant TPMG failed to prevent discrimination, harassment, and hostile work environment. However, plaintiff's discrimination claims have been dismissed without leave to amend. Plaintiff does not assert a separate claim for harassment or hostile work environment, nor do the allegations of this claim establish a viable claim for harassment or hostile work environment. Plaintiff alleges that her managers "did not interview" her after she complained about a hostile work environment, and that a group of nurses referred to as the "Filipino Mafia" are "abrupt, aggressive, demeaning, confrontational, and abrasive" to other employees. SAC, ¶¶ 78, 81.

To prevail on a hostile workplace/harassment claim under FEHA, an employee must show that she was subjected to verbal or physical conduct related to a protected trait, that the conduct was unwelcome, and that the conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment. Lyle v. Warner Bros. Television Productions, 38 Cal.4th 264, 279 (2006); see also Faragher v. Boca Raton, 524 U.S. 775, 786-87 & n.1 (1998) (finding that the same standard applies to sexual harassment claims and racial harassment claims). Although plaintiff alleges that the conduct described above was unwelcome, she does not allege that it was related to any

---

[2] As a separate basis for dismissal, the court notes that its previous dismissal order required plaintiff to "specifically plead that administrative remedies were indeed exhausted as to all asserted Title VII, FEHA, and ADA claims." Dkt. 50 at 2. The only adverse action alleged in the complaint is the written disciplinary action after plaintiff allegedly called a doctor a liar. As discussed above, in the context of plaintiff's first cause of action, plaintiff did not mention this incident in any of her administrative charges, nor is the incident "like or reasonably related" to the conduct that was alleged in the charges. Thus, to the extent that plaintiff intends to assert a disability discrimination claim under FEHA, the court finds that plaintiff has not exhausted her administrative remedies with respect to that claim.

protected trait, nor does she adequately allege that the conduct was more than "occasional, isolated, [or] sporadic." Lyle, 38 Cal.4th at 283. Thus, the court finds that plaintiff has not alleged a viable claim for harassment or hostile work environment.[3]

As the court noted in its previous order, a "failure to prevent" claim cannot be viable absent a finding of actual discrimination or harassment. See, e.g., Tritchler v. County of Lake, 358 F.3d 1150, 1155 (9th Cir. 2003) (holding the district court did not abuse its discretion in requiring a finding of actual discrimination before a violation of section 12940(k) becomes actionable) (citing Trujillo v. North County Transit Dist., 63 Cal.App.4th 280, 283-84 (Cal. Ct. App. 1998)). "[T]here's no logic that says an employee who has not been discriminated against can sue an employer for not preventing discrimination that didn't happen." Trujillo, 63 Cal.App.4th at 289.

Accordingly, defendants' motion to dismiss plaintiff's second cause of action is GRANTED. The dismissal is without leave to amend.

Plaintiff's sixth cause of action is for intentional infliction of emotional distress. The elements of a claim of intentional infliction of emotional distress are (1) extreme and outrageous conduct by the defendant with the intent to cause, or reckless disregard for the probability of causing, emotional distress; (2) the suffering of severe or extreme emotional distress by plaintiff; and (3) actual and proximate causation between the two. Potter v. Firestone Tire & Rubber Co., 6 Cal.4th 965, 1001 (1993).

"Extreme and outrageous" conduct must "exceed all bounds of that usually tolerated in a civilized community." Hughes v. Pair, 46 Cal.4th 1035, 1050-51 (2009). Liability "does

---

[3]The court again notes that its previous order required plaintiff to "specifically plead that administrative remedies were indeed exhausted as to all asserted Title VII, FEHA, and ADA claims." Dkt. 50 at 2. While plaintiff's September 2, 2014 administrative charge did allege that she was subject to "a bias investigation" and that her "complaints were not investigated," it is unclear whether or how those allegations relate to plaintiff's current allegations that her managers "did not interview" her after she complained about a hostile work environment. And even if the court were to consider those allegations to be properly exhausted, no reading of plaintiff's administrative charges would suggest that her current allegations regarding the "Filipino Mafia" were properly exhausted. Thus, even the SAC had adequately alleged the elements of a harassment/hostile work environment claim, plaintiff's failure to exhaust those allegations would be fatal to her "failure to prevent" claim under FEHA.

10

not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." Id. at 1051 (internal citation omitted).

In the SAC, plaintiff alleges that she was denied a return to work and "recklessly denied" a transfer, that defendants attempted to assign her to a new position "without assessing that clinic hours are difficult" for plaintiff, that she was "teased about her disability" and that her managers were "very much annoyed" with her complaints and "purposely ignored" her, and that certain unnamed employees had a "vindictive demeanor" towards plaintiff."

In dismissing plaintiff's first amended complaint, the court found that plaintiff had not adequately alleged the type of "extreme and outrageous" conduct required to state a claim, and now finds that the SAC still fails to do so. While plaintiff was certainly dissatisfied with her treatment by defendants, the alleged conduct does not "exceed all bounds of that usually tolerated in a civilized community." Accordingly, defendants' motion to dismiss is GRANTED with respect to the sixth cause of action, and the dismissal shall be without leave to amend.

As a separate basis for dismissal, to the extent that the complained-about conduct is based on normal parts of the employment relationship (e.g., the attempt to transfer plaintiff, along with any conduct that constitutes discipline or criticism), even if such conduct may be characterized as "intentional, unfair or outrageous," it is preempted by California's workers' compensation exclusivity provisions." Shoemaker v. Myers, 52 Cal.3d 1, 25 (1990).

## CONCLUSION

For the foregoing reasons, plaintiff's second amended complaint is DISMISSED without leave to amend.

**IT IS SO ORDERED.**

Dated: April 10, 2015

PHYLLIS J. HAMILTON
United States District Judge