HANSON BRIDGETT LLP
LISA M. POOLEY, SBN 168737
lpooley@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:  (415) 777-3200
Facsimile:  (415) 541-9366

Attorneys for Defendants
KAISER FOUNDATION HOSPITALS and
THE PERMANENTE MEDICAL GROUP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| JAMILAH ABDUL-HAQQ,<br><br>    Plaintiff,<br><br>  v.<br><br>KAISER FOUNDATION HOSPITALS, THE PERMANENTE MEDICAL GROUP, INC. (TPMG), CALIFORNIA NURSES ASSOCIATION,<br><br>    Defendants. | CASE NO. 4:14-cv-04140-PJH<br><br>**NOTICE OF MOTION AND ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

PLEASE TAKE NOTICE that Defendants Kaiser Foundation Hospitals and The Permanente Medical Group, Inc. (collectively, "Defendants") hereby move, pursuant to Civil Local Rules 3-12 and 7-11, to have the following two cases be deemed related:

1. *Jamilah Abdul-Haqq v. Kaiser Foundation Hospitals, The Permanente Medical Group, Inc., et al.*, United States District Court for the Northern District of California, Case No. 4:14-cv-04140-PJH, assigned to the Honorable Phyllis J. Hamilton (the "*2014 Case*").

2. *Jamilah Abdul-Haqq v. Kaiser Emergency in San Leandro a part of the Permanente Medical Group, Inc., et al.,* United States District Court for the Northern District of California, Case No. 3:16-cv-5454 EDL, assigned to the Honorable Elizabeth D. Laporte (the "*2016 Case*").

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

Civil Local Rule 3-12 provides that "an action is related to another when (1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges. These criteria are met.[1]

**1. Background**

Both the *2014 Case* and the *2016 Case* involve the same *pro se* Plaintiff, Jamilah Abdul-Haqq ("Plaintiff"), and the same Defendants, The Permanente Medical Group ("TPMG") and Kaiser Foundation Hospitals ("KFH"). Both cases concern Plaintiff's employment with TPMG as an emergency room nurse.

**A. The 2014 Case**

On September 2, 2014, Plaintiff filed the *2014 Case*, alleging eight causes of action against TPMG, KFH, and the California Nurses Association ("CNA"): (1) violation of Title VII of the Civil Rights Act; (2) failure to prevent discrimination, harassment, and hostile work environment; (3) violation of the Americans with Disabilities Act ("ADA"); (4) failure to engage in the

---

[1] Although requested, Plaintiff did not stipulate that the cases are related. (Pooley Dec., ¶ 2.)

interactive process under the California Fair Employment and Housing Act ("FEHA"); (5) intentional infliction of emotional distress; (6) violation of FEHA; (7) "breach of fair representation" and "failure to initiate grievance procedure"; and (8) negligence and breach of fiduciary duty. Claims (7) and (8) were asserted against the CNA only. Claims (1) through (6) were asserted against TPMG and KFH.

In the *2014 Case*, Plaintiff alleged that she is an African-American female with PTSD, employed by TPMG as a registered nurse since 2006. (Second Amended Complaint ("SAC"), ¶¶ 7, 13, 88.) She alleged that she started her employment in Santa Clara, then transferred to Vacaville, and subsequently transferred to Antioch. (*Id.* at ¶¶ 7, 13, 24, 28.) She alleged that, throughout her employment with TPMG, she "had endured deceptive managerial practices." (*Id.* at ¶ 13.) The allegedly deceptive managerial practices allegedly included delayed investigations of complaints, failure to meet with her, delayed "interactive process," and delaying her return to work from a leave of absence. (*Id.* at ¶¶ 31, 34, 36, 37, 39, 41, 53.) She alleged that these practices were "triggers that cause [her] extreme psychological and physiological distress." (*Id.* at ¶ 16.) She alleged that she had filed numerous workers' compensation claims. (*Id.* at ¶¶ 8, 32, 42, 43, 63, 110.)

On January 23, 2015, this Court granted Defendants' and the CNA's motions to dismiss Plaintiff's First Amended Complaint, with leave to amend. On April 10, 2015, this Court granted Defendants' motion to dismiss Plaintiff's Second Amended Complaint, with prejudice, on the grounds that Plaintiff had failed to exhaust her administrative remedies and had failed to state a claim upon which relief could be granted.[2] On October 4, 2016, the Ninth Circuit affirmed the dismissal. (Dkt. No. 80.) On October 5, 2016, Plaintiff filed a "Notice of Appeal" and a "Motion for Reconsideration from Dispositive Order" in the Ninth Circuit. (Pooley Dec., ¶ 3.)

### B. The 2016 Case

On September 23, 2016, Plaintiff filed the *2016 Case*, alleging six causes of action against Defendants: (1) discrimination of disability; (2) harassment for having a disability; (3) intentional

---

[2] Plaintiff did not allege any claims against the CNA in her Second Amended Complaint.

1  infliction of emotional distress; (4) failure to prevent harassment; (5) unauthorized video and
2  audio recording; and (6) retaliation for whistleblowing.³

3       In the *2016 Case*, Plaintiff alleges that she is an African-American female with an anxiety
4  disorder, employed by TPMG as a registered nurse since 2006. (Compl., ¶¶ 5, 11, 13.) She
5  alleges that she started her employment in Santa Clara and now works in San Leandro. (*Id.* at
6  ¶¶ 5, 11.) She alleges that "she has endured deceptive managerial practices consistently
7  throughout her employment." (*Id.* at ¶ 11.) The allegedly deceptive managerial practices
8  allegedly include delayed investigation, failure to meet with her, and work assignments. (*Id.* at
9  ¶¶ 19, 24.) She alleges that these practices "are behind triggers that causes [her] extreme
10 psychological and physiological distress." (*Id.* at ¶ 39.) She alleges that she had filed several
11 workers' compensation claims. (*Id.* at ¶¶ 8, 17.)

12  **2.  Discussion**

13       These two cases meet the definition of "related cases" provided in Civil Local
14 Rule 3-12(a). To start, the actions concern the same parties and substantially the same events.
15 The gravamen of both complaints is that throughout Plaintiff's employment with TPMG, she has
16 continuously endured "deceptive managerial practices," which cause her distress. Additionally,
17 both cases involve the same claims of discrimination, accommodation, harassment, and intentional
18 infliction of emotional distress. The only new allegations that surface in the *2016 Case* are claims
19 that: (1) Defendants engaged in "unauthorized video and audio recording" and (2) Plaintiff was
20 subjected to retaliation for whistleblowing about "deceptive managerial practices." (Compl. ¶¶ 42-
21 45.)

22       Moreover, there will be an unduly burdensome duplication of labor and expense, and
23 potentially conflicting results, if the cases remain before different Judges. Although the *2014 Case*
24 has been affirmed on appeal, Plaintiff has filed a Motion for Reconsideration in the Ninth Circuit.
25 (Pooley Dec., ¶ 3.) Thus, it is possible that it could be remanded to this Court for further
26 proceedings. Further, even if the *2014 Case* is not remanded, the overlap of parties and

---

³ Although the Complaint caption lists eight causes of action, only six are alleged in the body of the Complaint.

underlying facts will inevitably produce duplicative work. Finally, counsel for Defendants in both cases is the same and, in each case, Plaintiff represents herself.

## CONCLUSION

For the reasons explained herein, the parties respectfully request that this Court order that the *2014 Case* and the *2016 Case* be deemed related and so notify the Clerk of the Court pursuant to Civil Local Rule 3-12(f)(3).

DATED: October 13, 2016

Respectfully submitted,

HANSON BRIDGETT LLP

By: /s/ Lisa M. Pooley
LISA M. POOLEY
Attorneys for Defendants
KAISER FOUNDATION HOSPITALS and
THE PERMANENTE MEDICAL GROUP, INC.