UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMILAH TALIBAH ABDUL-HAQQ,<br><br>    Plaintiff,<br><br>    v.<br><br>KAISER FOUNDATION HOSPITALS, et al.,<br><br>    Defendants. | Case Nos. 14-cv-04140-PJH<br>16-cv-05454-PJH<br><br>**ORDER DENYING MOTIONS TO SEAL CASE RECORDS**<br><br>Re: Dkt. Nos. 52, 98 |
| JAMILAH TALIBAH ABDUL-HAQQ,<br><br>    Plaintiff,<br><br>    v.<br><br>KAISER EMERGENCY IN SAN LEANDRO<br><br>    Defendant. | |

Before the court are plaintiff Jamilah Abdul-Haqq's ("plaintiff") motions to "seal case file" in related actions Abdul-Haqq v. Kaiser Foundation Hospitals, et al., 14-4140 (Kaiser I) and Abdul-Haqq v. Kaiser Emergency in San Leandro, 16-5454 (Kaiser II). Kaiser I, Dkt. 98, Kaiser II, Dkt. 52. This matter is suitable for decision without oral argument. Having read plaintiff's papers and carefully considered her arguments and the relevant legal authority, the court hereby **DENIES** plaintiff's motions to seal.

## BACKGROUND

Years ago, plaintiff filed Kaiser I and Kaiser II as actions for employment discrimination against the various medical organizations named above. Ultimately, the

court dismissed both actions with prejudice and entered judgment against plaintiff. The court terminated Kaiser I on April 10, 2015 and Kaiser II on May 1, 2017.

The instant motions have nothing to do with the underlying litigation in these long-closed actions. Stated simply, in an identical request filed in both actions, plaintiff asks the court to seal her "case file," Kaiser I, Dkt. 98 at 2; Kaiser II, Dkt. 52 at 2, which the court understands to mean all records publicly accessible on each action's docket.

Plaintiff contends that a third-party, Denise Smith ("Smith"), who is the significant other of plaintiff's former significant other, Rodney Hillman ("Hillman"), has "taken the information that is available online which has some of [plaintiff's] medical diagnosis and has harass[e]d, threatened, [and] taunted [plaintiff] to improperly disclose [the subject] records." Id. To support her requests, plaintiff attaches a string of text messages purportedly exchanged between her and Smith. Defendants did not oppose the requests.

**DISCUSSION**

**A.     Legal Standard**

There is a general principle in favor of public access to federal court records. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). "The proponent of sealing bears the burden with respect to sealing. A failure to meet that burden means that the default posture of public access prevails." Kamakana v. City & City of Honolulu, 447 F.3d 1172, 1182 (9th Cir. 2006). The Ninth Circuit has recognized that two different standards may apply when a request to seal a document is made in connection with a motion— namely the "compelling reasons" standard or the "good cause" standard. Ctr. For Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-97 (9th Cir. 2016).

While it appears the Ninth Circuit has not spoken on the standard applicable to requests to seal an entire case file, district courts considering such a request have ruled that the compelling reasons standard controls. Tischer Co. v. Robertson Stevens, Inc., 2007 WL 3287846, at *2 (N.D. Cal. Nov. 5, 2007) (applying the compelling reasons standard to plaintiff's request "to seal the entire case file"); Bracken v. Fla. League of Cities, 2019 WL 1867921, at *3 (D. Or. Apr. 24, 2019) ("Where the party seeks to seal

case files in their entirety . . . courts have required that party to meet the high threshold of showing that 'compelling reasons' support the need for secrecy.").

Under that standard, a court may seal records only if it finds a "compelling reason" to support such treatment and articulates "the factual basis for its ruling, without relying on hypothesis or conjecture." Ctr. for Auto Safety, 809 F.3d at 1096-97. "The court must then conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." Id. at 1097. Citing the United States Supreme Court in Nixon, the Ninth Circuit has expressly acknowledged that "[w]hat constitutes a 'compelling reason' is best left to the sound discretion of the trial court." Id.

**B.  Analysis**

Plaintiff acknowledges that the compelling reasons standard controls her requests. Kaiser I, Dkt. 98 at 2; Kaiser II, Dkt. 52 at 2.

Plaintiff failed to satisfy her burden under that standard.  Plaintiff principally asserts that "Smith has made it clear that she will send information to my employment . . . and my place of worship for the gratification of public scandal, to circulate libelous statements, and to cause financial harm." Id. at 2-3.  While plaintiff only vaguely cites the attached text messages to support that assertion, id., the court understands that plaintiff is relying upon the following two purported statements by Smith:

- "Please continue on this path. I am about to Rock [sic] your world legally.  Thank you for providing all the document proof I need.  I will be calling your job, Kingdom Hall, and the Board of Nursing with all back up documents as exhibits." Id. at 5.
- "[T]o answer your question, my friend is a private investigator who works for the PD.  He can get any information he wants, [sic] perfectly legal." Id. at 7.

Neither of these statements substantiate plaintiff's assertion.  First, when viewed in context, the text messages show that plaintiff initiated contact with Smith and Hillman, *not* the other way around.  Id. at 6-9 (showing plaintiff's messages to Hillman as first in time).  Indeed, during their exchange, Smith asks plaintiff "why are you texting [Hillman] [at] 1 am in the morning?" and tells her that "please respect our household . . . please

3

don't call or text." Id. at 7.  These circumstances undermine plaintiff's theory that Smith is somehow looking to "gratify" public scandal, circulate libelous statements, or otherwise cause plaintiff financial harm.  Instead, based on the court's read of the text messages provided, it seems that Smith has no interest in "harassing, threatening, or taunting" plaintiff, id. at 2—she just wants to be left alone.

Second, plaintiff fails to explain why any "disclosure" by Smith of the subject records to plaintiff's job, house of worship, or nursing board would be improper.  The contents of the filings in this action speak for themselves and, in any event, have long been publicly available to the above referenced institutions in the first instance.

Third, plaintiff fails to explain how or why the court should conclude that the subject information even comes from its dockets.  Plaintiff simply states that Smith has "taken the information that is available online," which leaves open the possibility that Smith obtained the subject information elsewhere.

Independent of the above failures, plaintiff's sealing requests also fail the requirement that she narrowly tailor such requests to the protected material, as set forth in this district's local rules, Civ. L.R. 79-5(b), and the Ninth Circuit authority that she herself relies upon, Oregonian Pub. Co. v. U.S. Dist. Court for Dist. Oregon, 920 F.2d 1462, 1465 (9th Cir. 1990) ("This presumed right can be overcome only by an overriding right or interest 'based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'").  Plainly, her requests, which seek to seal the "case file" without differentiation, make no attempt to identify any particular filing or part of either docket appropriate for sealing.  Even if plaintiff had articulated a compelling interest, the court would decline to shield the entirety of each docket from public view.

Lastly, plaintiff largely failed to request that any of the subject filings be sealed when they were proffered during the litigation.  The belated nature of plaintiff's requests serves as still another ground to deny them.  To the extent plaintiff previously did make such a request, the court already considered and either sealed the subject filing, Kaiser I, Dkt. 50 at 7 (plaintiff's qualified medical exam filed at Dkt. 36-1), or denied such request,

1  Kaiser I, Dkt. 97 at 2 (unspecified and withdrawn exhibit previously filed at Dkt. 93).  In
2  light of the various shortcomings noted above, the court concludes that plaintiff failed to
3  satisfy the requirements necessary to support her sealing requests.

## CONCLUSION

For the foregoing reasons, the court **DENIES** plaintiff's motions to seal the case records in both Kaiser I (Dkt. 98) and Kaiser II (Dkt. 52).

**IT IS SO ORDERED.**

Dated:  July 29, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge