UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMILAH TALIBAH ABDUL-HAQQ,<br><br>Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HOSPITALS, et al.,<br><br>Defendants. | Case Nos.  14-cv-04140-PJH<br>16-cv-05454-PJH<br><br>**ORDER DENYING MOTIONS TO SEAL CASE RECORDS**<br><br>Re: Dkt. Nos. 100, 54 |
| JAMILAH TALIBAH ABDUL-HAQQ,<br><br>Plaintiff,<br><br>v.<br><br>KAISER EMERGENCY IN SAN LEANDRO<br><br>Defendant. | |

Before the court are plaintiff Jamilah Abdul-Haqq's ("plaintiff") motions to "seal all records" in related actions Abdul-Haqq v. Kaiser Foundation Hospitals, et al., 14-4140 (Kaiser I) and Abdul-Haqq v. Kaiser Emergency in San Leandro, 16-5454 (Kaiser II). Kaiser I, Dkt. 100, Kaiser II, Dkt. 54. This matter is suitable for decision without oral argument. Having read plaintiff's papers and carefully considered her arguments and the relevant legal authority, the court hereby **DENIES** plaintiff's motions to seal.

## BACKGROUND

About ten years ago, plaintiff filed Kaiser I and Kaiser II as actions for employment discrimination against the various medical organizations named above. Ultimately, the

court dismissed both actions with prejudice and entered judgment against plaintiff.  The court terminated Kaiser I on April 10, 2015 and Kaiser II on May 1, 2017.

About five years ago, plaintiff filed requests in both actions for the court to seal her "case file," Kaiser I, Dkt. 98 at 2; Kaiser II, Dkt. 52 at 2, which the court understood to mean all records publicly accessible on each action's docket.

The court denied the sealing motions, because, among other reasons, the sealing requests were not narrowly tailored, and because plaintiff largely failed to request the filings' sealing when they were proffered during the litigation.  See Kaiser I, Dkt. 99; Kaiser II, Dkt. 53.

Plaintiff has now filed two new sealing motions, again seeking to "seal all records" in both Kaiser I and Kaiser II.

**DISCUSSION**

**A.    Legal Standard**

There is a general principle in favor of public access to federal court records. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978).  "The proponent of sealing bears the burden with respect to sealing.  A failure to meet that burden means that the default posture of public access prevails." Kamakana v. City & City of Honolulu, 447 F.3d 1172, 1182 (9th Cir. 2006).  The Ninth Circuit has recognized that two different standards may apply when a request to seal a document is made in connection with a motion— namely the "compelling reasons" standard or the "good cause" standard. Ctr. For Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-97 (9th Cir. 2016).

While it appears the Ninth Circuit has not spoken on the standard applicable to requests to seal an entire case file, district courts considering such a request have ruled that the compelling reasons standard controls. Tischer Co. v. Robertson Stevens, Inc., 2007 WL 3287846, at *2 (N.D. Cal. Nov. 5, 2007) (applying the compelling reasons standard to plaintiff's request "to seal the entire case file"); Bracken v. Fla. League of Cities, 2019 WL 1867921, at *3 (D. Or. Apr. 24, 2019) ("Where the party seeks to seal case files in their entirety . . . courts have required that party to meet the high threshold of

2

showing that 'compelling reasons' support the need for secrecy.").

Under that standard, a court may seal records only if it finds a "compelling reason" to support such treatment and articulates "the factual basis for its ruling, without relying on hypothesis or conjecture." Ctr. for Auto Safety, 809 F.3d at 1096-97. "The court must then conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." Id. at 1097. Citing the United States Supreme Court in Nixon, the Ninth Circuit has expressly acknowledged that "[w]hat constitutes a 'compelling reason' is best left to the sound discretion of the trial court." Id.

**B.    Analysis**

Plaintiff acknowledges that the compelling reasons standard controls her requests. Kaiser I, Dkt. 100 at 18; Kaiser II, Dkt. 54 at 18.

As with her previous round of sealing motions, plaintiff has not satisfied her burden under that standard.  Plaintiff argues that the motions are "brought under Rule 26(c) of the Federal Rules of Civil Procedure because [The Permanente Medical Group] did not follow the California Business and Professions Code § 800(c) [which] includes provisions designed to protect professionals from unwarranted reputational harm by maintaining the confidentiality of certain records."  See Kaiser I, Dkt. 100 at 6-7; Kaiser II, Dkt. 54 at 6-7. However, plaintiff also appears to seek reconsideration of the court's order denying her previous sealing motions, as the current motions discuss plaintiff's previous basis for seeking sealing, namely, that "her ex-boyfriend's girlfriend had obtained her medical records and was threatening to disclose them publicly." See Kaiser I, Dkt. 100 at 8; Kaiser II, Dkt. 54 at 8.  Thus, it is unclear the extent to which plaintiff's current sealing motions are based on the same concern that she expressed in February 2020, and/or the extent to which the sealing motions are based on different concerns.

Regardless, as before, plaintiff's sealing requests fail the requirement that she narrowly tailor such requests to the protected material, as set forth in this district's local rules, Civ. L.R. 79-5(b).  Her request to "seal all records" (or even her "alternative" request to "restrict public access," which would appear to have the same practical result)

United States District Court
Northern District of California

makes no attempt to identify any particular filing or part of either docket appropriate for sealing.  Even if plaintiff had articulated a compelling interest, the court would decline to shield the entirety of each docket from public view.

Lastly, as mentioned in the court's previous order, plaintiff largely failed to request that any of the subject filings be sealed when they were proffered during the litigation.  The belated nature of plaintiff's requests serves as still another ground to deny them.  To the extent plaintiff previously did make such a request, the court already considered and either sealed the subject filing (see Kaiser I, Dkt. 50 at 7 (plaintiff's qualified medical exam filed at Dkt. 36-1)), or denied such request (see Kaiser I, Dkt. 97 at 2 (unspecified and withdrawn exhibit previously filed at Dkt. 93)).  Accordingly, the court concludes that plaintiff failed to satisfy the requirements necessary to support her sealing requests.

**CONCLUSION**

For the foregoing reasons, the court **DENIES** plaintiff's motions to seal the case records in both Kaiser I (Dkt. 100) and Kaiser II (Dkt. 54).

**IT IS SO ORDERED.**

Dated:  February 6, 2026

_/s/ Phyllis J. Hamilton_
PHYLLIS J. HAMILTON
United States District Judge